**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AMY E. STONER, as Personal
Representative of the Estate of
CHARLES E. HATCH, JR.,
deceased,

        Plaintiff,

                                          CASE NO. 04-74658

v.

                                          PAUL D. BORMAN

THE ANN ARBOR RAILROAD            UNITED STATES DISTRICT JUDGE
COMPANY,

        Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE THE OPINONS OF DEFENDANT'S EXPERT RANDALL MORRIS REGARDING THE RESULT OF HIS NOVEMBER 30, 2006 TESTS (DOCK. NO. 39)

Now before the Court is Plaintiff's Motion to Exclude the (Supplemental) Opinions of Defendant's Expert Randall Morris. (Dock. No. 39). The Court held a motion hearing on May 3, 2007. Having considered the entire record, and for the reasons that follow, the Court GRANTS Plaintiff's Motion to Exclude the (Supplemental) Opinions of Defendant's Expert Randall Morris.

**I.    FACTS**

Plaintiff Amy E. Stoner, the personal representative of the Estate of Charles Hatch, Jr., initiated this action against Defendant Ann Arbor Railroad Company on November 30, 2004. Plaintiff's three-count Complaint is based upon violations of the Federal Employers' Liability Act, 45 U.S.C. § 51, the Federal Boiler Inspection Act, 49 U.S.C. §§ 20701-20703, and the Federal Safety Appliances Act, 49 U.S.C. §§ 20301-20306, arising out of the death of Charles

1

Hatch, Jr.

On September 20, 2004, Hatch was working as a conductor for Defendant. At the time of the accident, Hatch was working with Engineer Bruce Reich, moving boxcars out of the Visteon Plant in Saline, Michigan, and moving other boxcars into said plant. During the process of moving boxcars out of the plant, Reich was at the controls of the locomotive; Hatch was directing on the ground. As the conductor, Hatch was in charge of the task. As Reich moved three boxcars up an incline to a curved spot on the track, Hatch radioed Reich to stop moving the boxcars. Reich complied by bringing the locomotive to a complete stop by applying its brakes.

Hatch then moved in between the locomotive and the first boxcar to turn the angle cock, which was a necessary step in order to unhook the locomotive from the boxcars. When Hatch seemed to take longer than normal to unhook the boxcars, Reich became concerned and left the locomotive to check on him. The time between Hatch's last communication with Reich and Reich's decision to check on Hatch was about thirty seconds. Reich found Hatch pinned at chest level between the locomotive and the boxcar. He was facing the locomotive, where the angle cock was located. Hatch was unresponsive and could not be resuscitated.

The parties agree that liability in this case comes down to the action of Reich and the movement of the locomotive after Reich initially stopped moving the boxcars on Hatch's command. Plaintiff takes the position that Reich, as locomotive engineer, negligently caused the locomotive to move a short distance in reverse, at a low rate of speed. This movement by the locomotive, according to Plaintiff, caused the boxcars to roll into Hatch and pin him against the locomotive, resulting in his death.

Defendant contends that Reich did not move the locomotive in the reverse direction and

therefore was not negligent. Defendant believes that when Reich applied the brakes, the boxcars moved away from the locomotive, due to slack between the locomotive and the boxcar. Defendant asserts that Hatch negligently moved in between the locomotive and the boxcar, before boxcars moved back towards the locomotive as the slack ran in.

Plaintiff was to serve her expert reports by May 3, 2006; Defendant was to serve its expert reports by June 5, 2006. (Dock. No. 25, 2/2/06, Amended Scheduling Order). Plaintiff served her expert reports on May 3, 2006. (Pl.'s Br. 3). On June 5, 2006, Defendant supplied its expert reports to Plaintiff. (*Id*. at 4). Plaintiff's experts are William Bogett and Colon Fulk. Defendant's experts are Andrew Spurlock and Randall Morris. (Def.'s Response 2, 4). Subsequent to serving the expert reports, Defendant deposed Bogett on July 19, 2006, and Fulk on August 24, 2006. (*Id*. at 5). By the time that Fulk was deposed, Morris and Spurlock had already been deposed by Plaintiff. (*Id*.). Morris and Spurlock reviewed the deposition transcript upon learning Fulk's specific opinions regarding the movements of the locomotive and boxcar, and his opinions on the event recorder data. (*Id*.). After Morris and Spurlock reviewed the depositions transcript, it was determined by Defendant that operating the locomotive would help demonstrate the errors of Bogett and Fulk's opinion, and supplement Defendant's expert opinions. Morris prepared a supplemental report, dated December 21, 2006, based upon his interpretation of the tests performed on November 30, 2006. (Pl.'s Mot. ¶ 11).

Plaintiff filed the instant motion on February 23, 2007, contending that Defendant violated Rule 26(a)(2)(A)-(B) because: (1) it did not submit a complete statement of all opinions on June 5, 2006; and (2) it does not have substantial justification under Rule 37(c)(1) for its failure to have Morris timely perform the tests. A Response and Reply were timely filed.

3

## II. ANALYSIS

### A. Standard of Review

The relevant portion of Federal Rule of Civil Procedure 26 is as follows:

(2) Disclosure of Expert Testimony.
(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, *be accompanied by a written report prepared and signed by the witness*. The report shall contain a *complete statement of all opinions to be expressed and the basis and reasons therefor*; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(emphasis added)

Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (citing *Vance v. United States*, No. 98-5488, 1999 WL 455435, *3 (6th Cir. June 25, 1999) (unpublished)). "Furthermore, the advisory committee's note to Rule 37(c) "strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Vance*, 1999 WL 455435 at *5.

The court considers four factors in determining whether the plaintiff's failure to disclose

4

is harmless: "(1) the importance of the evidence; (2) the prejudice to the opposing party of allowing the evidence to be presented; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to provide the evidence in discovery." *Am. Realty Trust, Inc. v. Matisse Partners, L.L.C.*, 2002 WL 1489543, *4 (N.D. Tx. July 10, 2002) (unpublished).

> Even if a trial court determines that Rule 26 has been violated, Rule 37 does not mandate exclusion of evidence. (Rule 37(c)(1) 'provides several remedies to a district judge who is faced with violations of the mandatory-disclosure provisions of Rule 26. The provision on sanctions explicitly states in pertinent part that in lieu of this sanction [of total exclusion], the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.').

*United States v. Rapanos*, 376 F.3d 629, 645 (6th Cir. 2004).

### B.     Discussion

Plaintiff argues that there is nothing to suggest that Defendant's failure to require Morris to timely perform his tests was the result of an honest mistake or substantially justified. She contends that Defendant had possession of the data hours after the incident occurred. Plaintiff avers that Morris was retained no later than six weeks after the accident and had sufficient time to conduct the tests. Plaintiff maintains that any argument by Defendant that Morris had to wait to perform these test until after receiving Plaintiff's expert reports is disingenuous – especially considering that the November 2006 test was to determine whether the locomotive could perform consistent with the accident data. Plaintiff also argues that she had no knowledge of the November 30, 2006 test, or of Morris' change of opinions, until she received his supplemental report in December 2006.

Defendant responds that Plaintiff has not provided a basis for striking the testing. Defendant submits that it never failed to disclose anything and points to the fact that Plaintiff

only argues that Morris should have performed his tests earlier. It asserts that while testing could have been done earlier, the test did not become necessary until Plaintiff's experts were deposed and the details about their opinions were revealed. Defendant also argues that Plaintiff waited over two months to object to the testing. Defendant proffers that when a party waits a significant time before objecting to disclose of information pursuant to Rule 26, the alleged violation should be considered substantially justified or harmless. Defendant contends that even with the delay, Morris can still be made available for deposition with the Court's permission.

Plaintiff cites two cases in support of its assertion that Rule 37(c)(1) sanctions are mandatory unless the offending party has established substantial justification for a Rule 26 violation or that the violation was an honest mistake. In *Vance*, the plaintiff's expert filed a four page affidavit seven days after the deadline for filing Rule 26(a)(2) expert reports. 1999 WL 455435 at *2. The plaintiff's expert never filed a Rule 26(a)(2) report. *Id*. Five months later, plaintiff's expert filed a more detailed affidavit as an attachment to plaintiff's response memorandum to the defendant's motion for summary judgment. *Id*. The plaintiff attempted to supplement the first affidavit with the second one. *Id*.

The plaintiff in *Vance* argued that the violation was substantially justified because the expert could not have been more specific in his first affidavit without viewing transcripts of deposition held after the filing. *Id*. at 4. The court did not agree that the violation was substantially justified, as it was filed after the Rule 26(a)(2) deadlines. *Id*. at 5. The court also found that the language in Rule 16 requires any supplements to be filed before the due date and that the supplement came five months after the initial deadline, attached to a response to a motion for summary judgment. *Id*. The court noted that the plaintiff would have presented a

6

more sympathetic argument had the affidavit been submitted only a few weeks after the initial deadline and been submitted on its own, rather than attached to a response. *Id*. "The plaintiff simply dilly-dallied too long in conduction the depositions." *Id*.

The plaintiff also argued that there was no harm or prejudice. *Id*. The court also disagreed, stating that "the opposing party would have virtually no opportunity to depose the expert" on the eve of trial. *Id*.

In *Sommer v. Davis*, 317 F.3d 686 (6th Cir. 2003), the plaintiffs moved for leave to file a supplemental Rule 26 opinion witness disclosure containing the identification of a new expert. *Id*. at 689. The plaintiffs had previously denied that the "new expert" was going to be an "expert witness within the purview of Rule 26." *Id*. The court found that the plaintiffs articulated no reason, substantial or otherwise, for waiting over seven months to disclose the expert witness. *Id*. at 692. Further, the court held that a harmless violation suggests an honest mistake – and sufficient knowledge on the part of the other party – and there was nothing to suggest that the plaintiffs' failure to disclose was the result of an honest mistake. *Id*.

As in *Vance*, Morris' supplemental report was a more detailed analysis of his expert opinion. Although Defendant's counsel argued in the motion hearing that the supplemental report does not offer a new opinion, the Court disagrees. Morris offer results of the November 30, 2006 tests, which were not done prior to the submittal of Plaintiff's Rule 26 expert reports, and were submitted after the due date for Rule 26(a)(2) deadline. In fact, the supplemental brief was not submitted until six months after the original deadline.

Likewise, this case is similar to *Sommer*. As in *Sommer*, Defendant offers no substantial justification for the tardiness of the testing and supplemental report. Defendant argue that it was

7

not until the depositions of Plaintiff's experts that Morris found the testing necessary. Defendant's Response brief reads: "[After the depositions of Plaintiff's experts], it was determined that operating the locomotive at issue and reviewing the event recorder data from that operation would help to demonstrate the errors of Mr. Bogett and Mr. Fulk's opinions and further support the Railroad's experts' already described opinions." (Pl.'s Resp. 5). Defendant, however, has not offered what they found out in the depositions of Plaintiff's experts that they did not already know from the Complaint or from Plaintiff's Rule 26 expert reports.

Further, although Morris was not a new expert or a surprise to Plaintiff, his supplemental report narrows his earlier opinion. While Morris gives two possible reasons to explain the data in his original Rule 26(a)(2) report, his supplemental brief focuses on only one – that the event recorder data was solely due to an anomaly. This is, indeed, a change of opinion. Morris' first expert report did not include the testing to support his conclusion, and, as such, is a new basis for his ultimate conclusion. Thus, Morris' original Rule 26(a)(2) report was not a complete statement of all opinions to be expressed, including the basis and reasons for said opinion.

Accordingly, for the reasons stated above, the Court precludes Morris from testifying in regards to the November 30, 2006 tests and limits the scope of Morris' testimony that the opinions offered in his Rule 26 expert report.

## III. CONCLUSION

For the reasons stated, the Court GRANTS Plaintiff's Motion to Exclude the (Supplemental) Opinions of Defendant's Expert Randall Morris regarding the result of his November 30, 2006 tests.

**SO ORDERED.**

s/Paul D. Borman                              
						PAUL D. BORMAN
						UNITED STATES DISTRICT JUDGE

Dated:  May 22, 2007

				CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 22, 2007.


						s/Denise Goodine                              
						Case Manager